UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                            )
JOSEPH A. LIGOTTI, JR. and  )
PAULA LIGOTTI,              )
                            )
         Plaintiffs,        )
                            )
v.                          )   Civil Action No. 1:16-cv-12095-MLW
                            )
DITECH FINANCIAL LLC,       )
                            )
         Defendant.         )
_____ )
```

**LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

Defendant Ditech Financial LLC ("Ditech"), pursuant to Local Rule 56.1, hereby files its Statement of Undisputed Material Facts in Support of its Motion for Summary judgment as follows:

**II.   STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. On August 17, 2005, the Ligottis executed a promissory note payable to GMAC Mortgage Corp. ("GMAC") in the principal amount of $338,373.00 (the "Note"). (Affidavit of Counsel, attached as **Exhibit B**).[1]

2. On August 17, 2005, the Ligottis executed and granted a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee, on the property located at 133 County Road, Tewksbury, Massachusetts (the "Property") to secure the obligations under the

---

[1] All referenced documents are attached to the Affidavit of Counsel on file.

Note (the "Mortgage").  (**Exhibit C**; **Exhibit U** (Depo. Transcript pp. 16:22–17:22); **Exhibit V** (Depo Transcript, pp. 14:2–15:14)).

3. On February 1, 2011, MERS assigned the Mortgage to GMAC.  (**Exhibit D**).

4. On or about April 1, 2011, the Ligottis defaulted on the Note.  (**Exhibit E**).

5. Ligottis received notice of the default.  (**Exhibit E**).

6. On January 22, 2013, GMAC offered the Ligottis a "Home Affordable Modification Problem — Loan Workout Plan."  (**Exhibit E**).

7. GMAC's offer letter provided, in pertinent part:

> [I]t is important for you to understand that you have not yet met all of the qualifications for a Permanent Modification. In order to qualify, you must first comply with the provisions of this Workout Plan . . . . We will then evaluate your qualifications for a Permanent Modification.

8. GMAC's offer letter also enclosed a "Trial Period Plan (Step One of Two-Step Documentation Process)" ("TPP").  (**Exhibit E**).

9. On January 25, 2013, the Ligottis, through counsel, provided GMAC with all three trial payments as required by the TPP.  (**Exhibit F**).

10. Effective February 1, 2013, GMAC transferred servicing of the Note and the Mortgage to Ditech.  (**Exhibit G**).

11. On April 26, 2013, GMAC assigned the Mortgage to Ditech.  (**Exhibit H**).

12. On May 13, 2013, Ditech provided the Ligottis, through counsel, with a "Home Affordable Modification Agreement (Step Two of Two-Step Documentation Process)" document (the "PLMA").  (**Exhibit I**).

13. The PLMA set forth terms and conditions for a permanent loan modification, including a sign and return deadline of June 12, 2013.  (**Exhibit I**).

14. On June 18, 2013, the Ligottis provided Ditech with a signed copy of the PLMA with handwritten alterations to the terms of the modification offer. (**Exhibit J**; **Exhibit U** (Depo. Transcript, pp. 35:9–36:24); **Exhibit V** (Depo. Transcript, pp. 28:17-30:16)).

15. The Ligottis crossed out terms and made changes which they initialed. (**Exhibit J**; **Exhibit U** (Depo. Transcript, pp. 36:4-8, 36:10-13); **Exhibit V** (Depo. Transcript, pp. 29:5-30:5)).

16. Ditech rejected the Ligottis' altered PLMA terms. (**Exhibit K**).

17. The Ligottis never returned a signed copy of the original PLMA. (**Exhibit K**).

18. On March 4, 2014, Ditech informed the Ligottis that it no longer considered the Ligottis eligible for a permanent loan modification. (**Exhibit K**).

19. From June 2013 through November 2015, the Ligottis made monthly payments in the amount of $2,198.04, which Ditech applied to the Loan. (**Exhibit L**).

20. In December of 2015, Ditech began to return the Ligottis' payments because the "account is currently in default and the amount of your payment is not sufficient to reinstate the account." (**Exhibit P**).

21. On July 10, 2015, the Ligottis, through counsel, sent Ditech a new "Loan Modification Application." (**Exhibit L**).

22. On September 1, 2015, Ditech requested specific financial documents from the Ligottis for the application. (**Exhibit M**).

23. Ditech subsequently informed the Ligottis that it no longer considered the Ligottis eligible for a permanent loan modification. (**Exhibit N**).

24. On November 19, 2015, Ditech informed the Ligottis that it was initiating foreclosure. (**Exhibit O**).

25. On August 24, 2016, Ditech noticed a foreclosure sale for September 26, 2016. (**Exhibit Q**).

26. On September 13, 2016, the Ligottis filed complaint in state court. (**Exhibit R**).

27. The Ligottis sought an injunction to stop the scheduled foreclosure sale. (**Exhibit S**).

28. On October 3, 2016, the Middlesex Superior Court granted the injunction to stop the foreclosure sale. (**Exhibit T**).

29. On October 19, 2016, Ditech removed the case to this Court. (ECF No. 1).

30. On February 11, 2019, Ditech filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Southern District of New York. (**Exhibit W**).

31. On September 26, 2019, the Bankruptcy Court entered an order confirming Ditech's Chapter 11 bankruptcy plan.

32. Ditech and the Ligottis filed a "Joint Stipulation of Dismissal of Claims Against Ditech Financial LLC for Monetary Recovery Without Prejudice." (ECF No. 26).

    Respectfully submitted,

    **DITECH FINANCIAL LLC,**

    By its attorneys,

    */s/ Peter F. Carr, II*
    Peter F. Carr, II (BBO #600069)
    Carson M. Shea (BBO #694237)
    **ECKERT SEAMANS CHERIN & MELLOTT, LLC**
    Two International Place, 16th Floor
    Boston, Massachusetts 02110
    Telephone: (617) 342-6800
    pcarr@eckertseamans.com
Dated: March 30, 2022    cshea@eckertseamans.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via U.S. mail, postage prepaid, to those parties which are as non-registered participants.

Dated: March 30, 2022          */s/ Peter F. Carr, II*
                   Peter F. Carr, II (BBO #600069)